1
2
3
4
5
6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  RAYMOND VINOLE,

10      Plaintiff,                          No. C 06-05296 JSW

11  v.

12  WORLD SAVINGS, INC.,                    **NOTICE OF TENTATIVE
                                            RULING AND QUESTIONS**
13      Defendant.
                                    /
14

15

16      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

17  NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE

18  HEARING SCHEDULED ON JANUARY 25, 2008 AT 9:00 A.M.:

19      The Court has reviewed the parties' papers and, thus, does not wish to hear the parties

20  reargue matters addressed in those pleadings. If the parties intend to rely on authorities not

21  cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these

22  authorities reasonably in advance of the hearing and to make copies available at the hearing. If

23  the parties submit such additional authorities, they are ORDERED to submit the citations to the

24  authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). To

25  the extent parties submit additional authorities, they are required to provide such citations with

26  pin cites. The parties will be given the opportunity at oral argument to explain their reliance on

27  such authority.

28

1    The Court **tentatively DENIES** Plaintiff's motion for preliminary approval of the class

2    settlement. The parties shall each have 15 minutes to address the following questions:

3    (1)    When, as here, the parties enter into a settlement agreement before the Court has

4           certified the class, the court "must pay undiluted, even heightened, attention to class

5           certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

6           1998) (internal quotes and citation omitted); *see also Ortiz v. Fibreboard Corp.*, 527

7           U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action

8           settlement only, the moment of certification requires heightened attention."). The

9           parties did not provide the Court with any argument or authority demonstrating that

10          certification of the proposed class would be proper. In light of the heightened scrutiny

11          the Court must give to the issue of certification, how can the Court approve certification

12          for settlement purposes on this record?

13   (2)    The parties' proposed release by all settlement class members except the named

14          representatives includes claims under the Fair Labor Standards Act ("FSLA"). How do

15          the parties justify requiring purported class members to be subject to a broader release

16          than the named representatives? On what authority, if any, do the parties rely?

17   (3)    Pursuant to the parties' proposed settlement, purported class members who do not

18          complete the opt-out procedures and do not submit a Settlement Claim Certification

19          Form will be subject to the broad release of all claims but will not receive any portion of

20          the settlement payment. Given that the parties are planning to calculate the purported

21          class members' qualifying work weeks and adjusted settlement variable for each

22          member, and given that payments to all members have already been calculated into the

23          total gross amount World Savings will pay under the agreement, why are these class

24          members not going to be sent a check for their estimated portion?

25   (4)    Under the parties' stipulated agreement, the deadline for purported class members to

26          mail in claim forms is just thirty days after the deadline for the claims administrator to

27          mail out class notices. The Court tentatively finds that this notice period is too short. If

28

1    the Court extends the deadline for purported class members to mail in claim forms by

2    another thirty days, would this change void the settlement?

3    (5)   Pursuant to 28 U.S.C. § 1715, the parties are required to provide notice to the

4          appropriate federal and state officials "[n]ot later than 10 days after a proposed

5          settlement of a class action is filed in court."  The parties represent that they will not

6          provide notice until ten days after the Court preliminarily approves the class settlement.

7          Based on what authority do the parties rely to support their position that notice is not

8          required within ten days of the date they filed their proposed settlement but within ten

9          days of the Court's preliminary approval of such settlement?

10   (6)   Whether to reward the named representatives for their efforts is within the Court's

11         discretion. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D.

12         Cal. 1995) (citations omitted).  Courts may consider the following criteria in

13         determining whether to provide incentive awards: "(1) the risk to the class representative

14         in commencing suit, both financial and otherwise; (2) the notoriety and personal

15         difficulties encountered by the class representative; (3) the amount of time and effort

16         spent by the class representative; (4) the duration of the litigation; and (5) the personal

17         benefit (or lack thereof) enjoyed by the class representative as a result of the litigation."

18         *Id*. (citations omitted).

19         (a)   The parties have not provided any evidence demonstrating the proposed

20               incentive awards are justified based on the factors listed above.  Were the parties

21               planning to provide additional information in support of this request? If so, by

22               when?

23         (b)    If the Court declined to provide incentive awards, how much would the named

24               representatives receive based on their qualifying work weeks and adjusted

25               settlement variable?

26         (c)   If the Court declined to award these incentive awards, would this change void

27               the settlement?

28   ///

1    (7)    Do the parties have anything further they wish to address?

2

3    Dated: January 24, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE