IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND VINOLE,

    Plaintiff,

v.

WORLD SAVINGS, INC.,

    Defendant.

No. C 06-05296 JSW

**ORDER DENYING PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL WITHOUT PREJUDICE**

Now before the Court is the joint motion for preliminary approval of class action settlement. Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court DENIES the parties' motion without prejudice to the parties filing a renewed motion with additional authority and evidence in accordance with this Order. The Court finds the documents submitted by the parties to be inadequate for the following reasons:

(1) When, as here, the parties enter into a settlement agreement before the Court has certified the class, the court "must pay undiluted, even heightened, attention to class certification requirements...." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (internal quotes and citation omitted); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention."). The parties did not provide the Court with any argument

or authority demonstrating that certification of the proposed class would be proper. In light of the heightened scrutiny the Court must give to the issue of certification, the Court finds the parties' papers insufficient to demonstrate that certification would be proper.

(2) Under the parties' stipulated agreement, the deadline for purported class members to mail in claim forms is just thirty days after the deadline for the claims administrator to mail out class notices. The Court finds that this notice period is too short. Moreover, the Court is concerned with the fact that the parties seek to bind class members to the broad waiver provisions of the settlement agreement, regardless of whether such individuals receive actual notice. The Supreme Court has held that notice is sufficient where the mail is delivered and those that could not been delivered were excluded from the class. *See Phillips Petroleum Co. v. Shutts*, 472, U.S. 797, 812-13 (1985). "Some caselaw allows mailed notice to be deemed accurate even where it is not delivered correctly but there must be a showing that the proposed address list is reasonably accurate. Otherwise, notice by publication may be necessary." *Kakani v. Oracle Corp.*, 2007 WL 1792774, *10 n.5 (N.D. Cal. June 19, 2007).

(3) Whether to reward the named representatives for their efforts is within the Court's discretion. *See, e.g., Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted). Courts may consider the following criteria in determining whether to provide incentive awards: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id.* (citations omitted). The parties failed to provide in their papers any evidence demonstrating the proposed incentive awards are justified based on these factors.

Moreover, the Court notes that at the hearing, counsel argued that the incentive awards were justified, at least in part, by the fact that the named representatives were being compensated for agreeing to a broad release, including unknown claims, to which the other class members would not be subject. However, a review of the stipulated settlement agreement provides that *all* class members would be subject to the release of unknown claims. (Stipulation, §§ 1.36, 1.45.)

The parties shall have until March 7, 2008 to file a renewed motion for preliminary approval of class action settlement to address the Court's concerns.

**IT IS SO ORDERED.**

Dated: January 29, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE