IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND VINOLE,

    Plaintiff,

v.

WORLD SAVINGS, INC.,

    Defendant.

No. C 06-05296 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 3, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). To the extent parties submit additional authorities, they are required to provide such citations with pin cites. The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties are directed to file a revised proposed order granting final approval and proposed judgment reflecting the actual amounts sought by the parties.

The Court **tentatively GRANTS** the parties' joint motion for final approval of class action settlement and the motion for approval of attorneys' fees, reimbursement of expenses and enhancement awards to the named Plaintiffs. The parties shall each have 15 minutes to address the following questions:

(1) Have the parties received responses to the cure letter from the five individuals who had not yet responded as of the date of the parties' filing their joint motion? If so, what were their responses?

(2) How many of the undeliverable Class Notices without forwarding addresses was Rust Consulting unable to locate current addresses through a trace?

(3) Have the parties received any objections?

(4) The expenses listed in the Declarations of H. Tim Hoffman, Gerald D. Wells, III, Micael J. Procopio, and Isam C. Khoury amounts to $23,599.91. How did the Plaintiffs arrive at the expense amount of $23,968.81?

(5) In their motion, the parties do not address whether and how much to reimburse the class administrator for costs. When were the parties planning to submit such request? Do the parties want judgment to be entered before the class administrator has been reimbursed for such costs?

Dated: October 2, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE